**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2999
_____

QIN FENG LIN,
                                  Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A094-824-959)
Immigration Judge: Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  SLOVITER, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed :April 8, 2011)
_____

OPINION
_____

PER CURIAM.

        Qin Feng Lin, a native and citizen of China from Fujian Province, petitions

for review of a Board of Immigration Appeals' ("BIA") decision denying her motion to

reopen proceedings.  We will deny the petition for review.

I.

Lin entered the United States in 2005 without inspection and was charged as removable on that basis shortly thereafter. She conceded removability and sought asylum, withholding of removal, and Convention Against Torture ("CAT") relief based on China's family planning policies. In particular, Lin married another Chinese national after entering the United States, and the couple has had two children. Lin also claims that she became pregnant in China in 1999 through a pre-marital relationship with her then-boyfriend, and that officials forced her to abort the pregnancy. Lin thus sought relief based on past persecution due to a forced abortion and a fear of future persecution in the form of forced sterilization if she were to return to China with her two children.

On December 8, 2008, following the conclusion of a hearing on the merits at which Lin provided testimony, the Immigration Judge ("IJ") denied the applications for relief, explaining that Lin had failed to produce sufficient evidence to corroborate her claims. The BIA adopted and affirmed the IJ's decision. It noted that the IJ expressed concern about the truth of Lin's testimony, and that the IJ properly concluded that Lin had failed to produce needed evidence to establish her assertions. With regard to past persecution, the BIA noted that Lin failed to produce medical records, proof of the existence of her former boyfriend, or any evidence from her current husband. With regard to the fear of forced sterilization, the BIA noted that Lin provided no evidence from Chinese authorities indicating that she would be forcibly sterilized, no evidence of

2

threats against Lin or anyone in her village, and no evidence of a Chinese national being persecuted for returning with children born in the United States. The BIA also affirmed the denial of withholding of removal and CAT relief.

Lin, with the assistance of different counsel, timely filed a motion to reopen, seeking to introduce "new evidence" to corroborate her claims, and claiming that former counsel provided ineffective assistance in failing to advise Lin to obtain corroborating evidence. The documents attached to the motion to reopen included: an affidavit from Lin; a letter from the former boyfriend in China; four letters from relatives in China; and a statement from the Shouzhan Town Family Planning Office ("Shouzhan statement"). Lin argued that this evidence is material, was previously unavailable, and warrants a new hearing. She also argued, alternatively, that proceedings should be reopened because the Shouzhan statement reflects changed country conditions in China.

On June 9, 2010, the BIA denied the motion to reopen. It found that Lin did not explain persuasively why her evidence was unavailable and could not have been discovered or presented at the removal hearing. In addition, the BIA noted that the evidence consisted primarily of unsworn and unauthenticated statements, and in light of the IJ's expressed concern about the truth of Lin's testimony, the BIA gave the evidence "little weight." The BIA further observed that the newly presented evidence relates to circumstances that pre-date its prior order, and to the extent that Lin claims that former counsel provided ineffective assistance by not presenting this evidence, Lin did not file a complaint against counsel with the appropriate disciplinary authority, as required by

3

Matter of Lozada, 19 I&N Dec, 637 (BIA 1988).  The BIA noted that Lin offered no explanation for failing to file a disciplinary complaint, and thus it rejected the ineffective assistance of counsel claim as an inadequate explanation for Lin's failure to present corroborating evidence at the time of the removal hearing.

The BIA also rejected the argument that the Shouzhou statement reflects "stricter and increased" enforcement of China's population control policy.  The BIA noted that it had explained in its prior order that Lin failed to offer evidence regarding enforcement of the population control policy in Fujian Province.  Because Lin again presented no evidence of the prevailing conditions in Fujian Province at the time of the removal hearing, the BIA was unable to determine whether there had been any material change in conditions.  The BIA added that, like Lin's other evidence, the Shouzhou statement was not authenticated in any manner.  Lin timely filed a petition for review in this Court.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the decision denying Lin's motion to reopen.  "As a general rule, motions to reopen are granted only under compelling circumstances."  Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).  Our review is for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford."  Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).  We will not disturb the BIA's decision unless Lin shows that it was arbitrary, irrational, or contrary to law.  See Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007).

4

Lin argues that the BIA abused its discretion in rejecting her ineffective assistance of counsel claim for failure to satisfy the Lozada requirement that she file a disciplinary complaint against former counsel, or explain why she did not do so. Lin notes that she submitted an affidavit describing her view of the shortcomings in former counsel's performance, and that she provided notice to former counsel. Lin contends that it was reasonable under the circumstances for her to file a motion to reopen without waiting to receive a response from former counsel, and that her failure to file a disciplinary complaint should not undermine her claim. She argues that the BIA's rejection of her ineffective-assistance claim runs contrary to our decision in Lu, supra.

In Lu, we recognized that an alien's claim of ineffective assistance of counsel, if properly established, could constitute grounds for reopening proceedings, but we also concluded that the BIA had reasonably adopted its three "Lozada requirements" for such claims. 259 F.3d at 132-33. Under Lozada, an alien must support a claim of ineffective assistance with (1) an affidavit attesting to the relevant facts, (2) evidence that former counsel was informed of the allegations and allowed a chance to respond, and (3) a statement that a complaint against counsel has been filed with the appropriate disciplinary authority, and if not, a reasonable explanation of why not. 19 I.&N. Dec. at 638. We made clear in Lu that "[i]n many, if not most, cases, petitioners alleging ineffective assistance should file disciplinary complaints," but we observed that this

5

requirement is not absolute, and that "the failure to file a complaint is not fatal if a petitioner provides a reasonable explanation for his or her decision." 259 F.3d at 134.

Here, as the BIA observed, Lin offered no explanation at all for her failure to file a disciplinary complaint against former counsel. Furthermore, in her motion to reopen, Lin noted that she had advised counsel that a motion to reopen would be filed, and she asked counsel to respond to her allegations of ineffectiveness within ten days. Lin informed the BIA that "[a]ny reply that is received will be forwarded to the Board, along with a statement as to whether or not a disciplinary complaint will be filed, and if filed, a copy of same will be provided to the Board." A.R. at 10. Lin, however, never notified the BIA that a formal complaint had been filed, and, as mentioned, she never explained why she failed to pursue a complaint. Indeed, while Lin moved to reopen in December 2009, and the BIA did not issue its decision on the motion until June 2010, Lin submitted no evidence in that period of any response from counsel, of counsel's failure to respond, or of having lodged a complaint against counsel. Given this unexplained failure to comply with Lozada, the BIA reasonably rejected Lin's ineffective-assistance claim.

Lu next argues that the BIA abused its discretion in finding that she did not support the motion to reopen with previously unavailable evidence. She notes that her evidence is dated after the merits hearing, and she asserts that it was not available earlier. An alien pursuing a motion to reopen must proffer new facts to "be proven at a hearing to be held if the motion is granted," and the motion "shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); see also 8 C.F.R. § 1003.2(c)(1).

6

The alien bears the burden to show that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The materials attached to Lin's motion to reopen include four letters from relatives and a letter from the former boyfriend in China, all primarily aimed at corroborating Lin's claim that she suffered a forced abortion in 1999. Lin also submitted the Shouzhou statement, dated September 24, 2009, which her father claims to have requested from local family planning authorities that same date, and which states that either Lin or her husband will be sterilized if they return to China with two children. As the BIA found, Lin made no showing that this documentary evidence could not have been discovered and presented at the time of the December 2008 merits hearing before the IJ, or even during the pendency of Lin's appeal to the BIA. Lin did not claim in the motion to reopen that her relatives and former boyfriend were unavailable to provide statements earlier; rather, she all but conceded that she neglected to contact these individuals, ostensibly because former counsel never told her to do so. With regard to the Shouzhou statement, Lin nowhere claimed that her father would have been unable to procure such a statement from family planning officials had he asked for one prior to the merits hearing.

In essence, Lin sought to use her motion to reopen as a vehicle to introduce the types of corroborating evidence that she had failed to present at her hearing before the IJ. But for purposes of seeking to reopen a terminated removal proceeding, Lin had to show under 8 C.F.R. § 1003.2(c)(1) that the evidence offered was not available and could

not have been discovered and presented at the prior hearing. As explained, Lin did not make this showing. Moreover, we agree with the Attorney General that 8 C.F.R. § 1003.2(c)(1) is not intended as a means to remedy the inadequacy of an alien's case after the fact by submitting evidence that could have been gathered in time for the merits hearing. See Katsis v. INS, 997 F.2d 1067, 1073 n.6 (3d Cir. 1993) (observing that "[m]otions to reopen are specifically intended to take into account material evidence that was not available and therefore could not have been presented at the former hearing").

Lin next contends that the BIA improperly discounted the evidentiary value of her documents. She argues that the BIA should not have required authentication, and that it erred in affording the documents "little weight" given that the IJ never expressly rendered an adverse credibility determination. She argues that the BIA should have accepted the documents as true in deciding whether she stated a prima facie claim for relief.

The BIA apparently concluded in the alternative that Lin's evidence, assuming it was previously unavailable, is inadequate to support a prima facie showing of persecution. See A.R. at 4. We discern no error in this conclusion. As mentioned, Lin's letters from China are unsworn statements from relatives and a former boyfriend, and the Shouzhou statement is not authenticated. While the IJ never expressly rejected the credibility of Lin's testimony at the merits hearing, the IJ did identify specific concerns about the truthfulness of her account, which gives reason to the BIA's skepticism on the motion to reopen about affording too much weight to Lin's unsworn corroborating

8

documents. In addition, while Lin is correct that a failure to authenticate documents under 8 C.F.R. § 287.6 does not warrant per se exclusion, and that an alien is permitted to prove authenticity in another manner, see Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004), Lin did not authenticate the Shouzhou statement in any manner. The BIA thus "properly discounted the document." Chen v. Att'y Gen., --- F.3d ---, 2011 U.S. App. LEXIS 5358, at *14 (3d Cir. Mar. 18, 2011). Finally, to establish a prima facie case on a motion to reopen, an alien must produce objective evidence showing a reasonable likelihood that she can prove an entitlement to relief from removal. Shardar, 503 F.3d at 313. Given the shortcomings in her case and the problems with her newly presented documents, Lin has not shown that the record compels a finding that she made out a prima facie case of either past or possible future persecution.

Lin also argues that the Shouzhou statement shows that family planning policy has become more strict for Chinese citizens returning with foreign-born children, amounting to a change in country conditions warranting a new hearing. The BIA properly rejected this argument. Under 8 C.F.R. § 1003.2(c)(3)(ii), the time and numerical limitations governing motions to reopen do not apply when an alien seeks asylum or withholding of removal "based on changed circumstances arising in … the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." As discussed, Lin has not shown that the Shouzhou statement could not have been procured and presented prior to entry of the final order of removal in her case.

9

Further, Lin does not dispute the BIA's finding that she offered no evidence to establish the level of enforcement of family planning policy in Fujian Province at the time of the removal hearing, which she would need to have done in order to claim that those conditions changed after the hearing. Lin now argues that the BIA should have taken "administrative notice of official documents," such as State Department reports, to determine on its own initiative the prevailing conditions at the time of her hearing. Lin, however, never asked the BIA to take administrative notice of any document, and she has not demonstrated that the BIA had an obligation to do so on its own. We cannot fault the BIA for failing to act on Lin's non-existent request for this relief. Based on the record that Lin created, substantial evidence supports the finding that she did not demonstrate changed country conditions to support reopening her case.

## III.

We have considered Lin's remaining arguments but conclude that they are without merit. The BIA did not abuse its discretion in denying the motion to reopen. Accordingly, we will deny the petition for review.